The Honorable Stewart K. Lambert Prosecuting Attorney P.O. Box 549 Cherokee Village, Arkansas 72525
Dear Mr. Lambert:
I am writing in response to your request for an opinion regarding the operation of the Sharp County enhanced 911 system. You state the issue as being "whether the Quorum Court, by ordinance or otherwise, can order the sheriff, being a constitutional elected official, to coordinate and operate the 911 system." You note that the issue has arisen because of inability to obtain appropriate funding for the enhanced 911 system. You indicate that the citizens of Sharp County recently voted against an additional tax assessment to fund the enhanced 911 system.
RESPONSE
It is my opinion that the answer to your question is "no," the county quorum court may not "order" the sheriff to coordinate and operate the 911 system. There is a provision in the "Arkansas Public Safety Communications Act of 1985" which requires the concurrence of the sheriff if he or she is named to operate the system. An "order" from the quorum court in this regard would, in my opinion, contravene this state law.
The relevant provision, in my opinion, is A.C.A. § 12-10-302 (e) (2) (Repl. 1999), which provides as follows:
(e) It is found and declared necessary to:
* * *
 (2) Authorize each chief executive to direct establishment and operation of 911 public safety communications centers in their political subdivisions and to designate the location of the center and agency which is to operate the center. As both are elected positions, a county judge must obtain concurrence of the county sheriff. . . ." [Emphasis added.]
As an initial matter, this statute empowers the "chief executive" of a particular political subdivision, rather than the quorum court, to direct the operation of a 911 center. In a county, the "chief executive" is the county judge. See A.C.A. § 12-10-303 (5) (Repl. 1999). In any event, however, the statute above, in my opinion, requires the concurrence of the county sheriff if he or she is to operate the 911 center. In my view, no other reasonable interpretation can be gleaned from this language.
In my opinion, therefore, any attempt by a county quorum court to mandate the sheriff to operate the system would be contrary to A.C.A. §12-10-302(e)(2). Although a quorum court is invested with broad powers over county affairs, it may not pass "[a]ny legislative act contrary to the general laws of the state." A.C.A. § 14-14-805 (13).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh